78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria SACASA-GUADALUPE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70519.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1996.*
Decided March 12, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Sacasa-Guadalupe petitions for review of a decision of the Board of Immigration Appeals. The BIA dismissed Sacasa's appeal from an immigration judge's denial of her requests for asylum, withholding of deportation, and suspension of deportation. Because the BIA did not conduct an independent review of the IJ's decision, we review the IJ's decision rather than that of the BIA. Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993).
 
 I.
 
 3
 Substantial evidence supports the denial of Sacasa's asylum application. To be eligible for asylum, Sacasa was required to demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1158(a), 1101(a)(42)(A).
 
 
 4
 Sacasa claimed she was "insulted" and "pressured" because she refused to teach Marxist doctrine to her students at Nicaragua's national university and because her family had strong ties to the Somoza government. A witness testified Sacasa became ill from stress but did not describe the extent or severity of her illness. Sacasa described the pressure as intolerable, but acknowledged she was never arrested or physically harmed. Nor was she fired, instead choosing to leave her job in 1983 and come to the United States. The insults and pressure Sacasa described are minor difficulties at best, and do not constitute past persecution. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969).
 
 
 5
 Even if Sacasa's treatment might be deemed "persecution," it fails to support an asylum claim in the absence of a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (asylum may be granted on the basis of past persecution alone, but only if the applicant has suffered "atrocious forms of persecution"). Sacasa testified that because the Sandinistas continue to control the university, she would be unable to return to her teaching job. In addition, she feared she would be targeted by the Chamorro government because her family and the Chamorros had long been political rivals. This testimony did not show there was "a reasonable possibility" Sacasa would be persecuted. INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987). Sacasa was never arrested or detained under Sandinista rule, and she was able to leave the country without difficulty. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985). She testified only that she would be unable to return to her teaching job, not that she would be unable to find other employment; accordingly, she seems unlikely to suffer substantial economic disadvantage if deported. See Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988). Her claims regarding her family are undercut by the fact that her family has remained in Nicaragua without incident and has regained some of the land nationalized by the Sandinistas. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990). There is no indication Sacasa "is at particular risk" of persecution if deported. Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994). She has therefore failed to demonstrate a well-founded fear of persecution.
 
 II.
 
 6
 Because Sacasa did not establish a well-founded fear of persecution, denial of withholding of deportation was also proper. INS v. Stevic, 467 U.S. 407, 424 (1984).
 
 III.
 
 7
 The IJ did not abuse his discretion by denying suspension of deportation. To be eligible for suspension, Sacasa was required to show her deportation would result in extreme hardship either to her or to her spouse, parent, or child who is a U.S. citizen or permanent resident. 8 U.S.C. § 1254(a)(1); INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). Sacasa claims her deportation would result in extreme hardship because she would be unable to return to her chosen profession. Although probable inability to find work may contribute to extreme hardship, Santana-Figueroa v. INS, 644 F.2d 1354, 1356-57 (9th Cir.1991), our decisions "distinguish between the inability to engage in a particular occupation and the inability to engage in any occupation." Villena v. INS, 622 F.2d 1352, 1358 (9th Cir.1980). Here, the IJ noted that Sacasa is well-educated, is trained as a pharmacist, and has strong family connections in Nicaragua, and Sacasa herself acknowledged she could find work outside her chosen field. The IJ did not abuse his discretion in concluding Sacasa would not suffer extreme economic hardship if deported.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3